Christopher J. Dalton
BUCHANAN INGERSOLL & ROONEY PC
Incorporated in Pennsylvania
550 Broad Street, Suite 810
Newark, New Jersey 07102
973-273-9800
Attorneys for Defendant,
  Redbox Automated Retail, LLC

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| ALAN BRAHAMSHA, individually and for all others similarly situated, | : | Civil Action No. _____ |
| | : | |
| Plaintiff, | : | |
| | : | **NOTICE OF REMOVAL** |
| v. | : | |
| | : | |
| REDBOX AUTOMATED RETAIL, LLC, a Delaware limited liability company, | : | |
| | : | |
| Defendant. | : | |
| | : | |

PLEASE TAKE NOTICE that Defendant Redbox Automated Retail, LLC ("Redbox"),

pursuant to 28 U.S.C. §§ 1332, 1367, 1441, 1446, and 1453, and fully reserving all defenses, by

and through its undersigned attorneys, hereby removes to this Court the above-styled action,

filed in the Superior Court of New Jersey, Law Division, Monmouth County, bearing Docket No.

MON-L-2683-16.

In support of this Notice, Redbox states as follows:

## PROCEDURAL HISTORY AND VENUE

1.      On July 28, 2016, plaintiff Alan Brahamsha, individually and on behalf of all

others similarly situated, commenced an action in the Superior Court of New Jersey, Law

Division, Monmouth County, Docket No. MON-L-2683-16.  Pursuant to 28 U.S.C. § 1446(a),

copies of all process and pleadings initially served upon Redbox are attached as **Exhibit A**.

2.      Plaintiff served Redbox with the Summons and Complaint on August 17, 2016.

*See* **Exhibit A**.  Accordingly, removal is timely because Redbox filed it within thirty (30) days of

the first receipt by a defendant of a copy of the Summons and Complaint in this matter.  28

U.S.C. § 1446(b).

3.      Monmouth County is embraced by the United States District Court for the District

of New Jersey; therefore, this action is properly removed to the Trenton Vicinage of the United

States District Court for the District of New Jersey.  See 28 U.S.C. §§ 110, 1391(b)(2), and

1441(a).

4.      Pursuant to 28 U.S.C. § 1446(d), copies of this Notice of Removal will be served

upon counsel for Plaintiff and filed with the Clerk of the Superior Court of New Jersey, Law

Division, Monmouth County, as an exhibit to a Notice of Filing of Notice of Removal.

## COMPLAINT ALLEGATIONS

5.      The Complaint claims that Redbox violated the New Jersey Truth in Consumer

Contract, Warranty, and Notice Act ("TCCWNA"), N.J.S.A. 56:12-14 to -18.  The Complaint

alleges that the Terms of Use presented to consumers at Redbox's rental kiosks violate

TCCWNA.  *See, e.g.,* **Exhibit A**, Complaint at ¶¶ 19-26.

6.      The Complaint further alleges that the class consists of "[a]ll New Jersey residents

who have rented or purchased from a Redbox kiosk."  *Id*. at ¶38.  The Complaint seeks "$100 in

statutory damages, actual damages, court costs, and reasonable attorneys' fee pursuant to

N.J.S.A. § 56:12-17" for all class members.  The statute of limitations for TCCWNA is six years.

N.J.S.A. 2A:14-1 (six-year limitations period for contract claims).

7.      Redbox disputes the Complaint in its entirety, including all factual and legal allegations and prayers for relief.

## JUSTIFICATION FOR REMOVAL

8.      This Court has original jurisdiction and this action is properly removable pursuant to the Class Action Fairness Act of 2005 ("CAFA").  *See* 28 U.S.C. §§ 1332, 1446, and 1453. The amount in controversy exceeds $5 million.  There are more than 100 putative class members.  The members of the putative class are citizens of the State of New Jersey.  Neither Defendant nor its member is a citizen of New Jersey.

9.      **Covered Class Action:**  Under CAFA, a class action is defined as "any civil action filed under [R]ule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of juridical procedure authorizing an action to be brought by one or more representative persons as a class action."  *See* 28 U.S.C. §§ 1332(d)(1)(B), 1453(a).  The Complaint falls within this definition.

10.     **Class Consisting of More Than 100 Members:**  The proposed class is estimated to be in the thousands. *See* **Exhibit A** at ¶ 39.  Moreover, Redbox's records indicate that during the proposed class period, it rented to at least 100,000 New Jersey consumers.   CAFA's class-size requirement is clearly met.

11.     **Diversity:**  CAFA defines diversity citizenship as "any member of a class of Plaintiffs [who] is a citizen of a State different from any Defendant."  *See* 28 U.S.C. §§ 1332(d)(2)(A).  This requirement is satisfied.  Plaintiff is a citizen of the State of New Jersey, residing in Monmouth County, New Jersey.  *See* **Exhibit A** at ¶ 6.  The Complaint alleges (correctly) that Redbox is a Delaware limited liability company existing under the laws of Delaware with its principal place of business in Illinois.  (*Id*. at ¶ 7).  In addition, the sole

member and manager of Redbox is Outerwall Inc., which is a Delaware corporation with its

principal place of business in Washington.  Under 28 U.S.C. § 1332(c), "a corporation shall be

deemed to be a citizen of any State by which it has been incorporated and of the State where it

has its principal place of business."  For purposes of diversity jurisdiction, "the citizenship of an

LLC is determined by the citizenship of its members."  *Zambelli Fireworks Mfg. Co. v. Wood*,

592 F.3d 412, 430 (3d Cir. 2010).  Redbox is therefore a Delaware citizen and an Illinois citizen.

Its sole member, Outerwall Inc., is a citizen of Delaware and Washington.  In other words, unlike

Plaintiff and the members of the putative class, neither Redbox nor Outerwall Inc. is a citizen of

New Jersey.

12.      **Amount in Controversy:**  The claims of individual class members can be

aggregated to determine if the amount in controversy exceeds the required "sum or value of

$5,000,000, exclusive of interest and costs."  28 U.S.C. §§ 1332(d)(2), (d)(6).  Redbox's records

indicate that, during the pertinent time period (July 28, 2000 through July 28, 2016), it rented to

at least 100,000 New Jersey consumers; the Complaint seeks $100 in statutory penalties per

alleged violation, or $10,000,000 in the aggregate.  In addition, plaintiff seeks to recover

attorneys' fees based on his (and the class's) cause of action under TCWWNA.  **Exhibit A** at ¶

38.  While not necessary here to reach the jurisdictional minimum, attorneys' fees may properly

be included in calculating the amount in controversy where an underlying statute authorizes an

award of attorneys' fees.  *See Missouri State Life Ins. Co. v. Jones*, 290 U.S. 199, 201 (1933);

*Suber v. Chrysler Corp.*, 104 F.3d 578, 585 (3d Cir. 1997) ("attorney's fees are necessarily part

of the amount in controversy if such fees are available to successful plaintiffs under the statutory

cause of action.")  (citing *Missouri State Life Ins. Co.*, 290 U.S. at 201).  Therefore, the amount

in controversy exceeds $5 million.  As such, removal is proper because the amount in

4

controversy between the parties exceeds the amount required under CAFA.  *See Dart Cherokee Basin Operating Co., LLC v. Owens,* 135 U.S. 547 (2014) (holding that under 28 U.S.C. § 1446(a), a defendant's notice of removal only needs to include a plausible allegation that the amount in controversy exceeds the jurisdictional threshold, and does not require evidentiary submissions).

## RESERVATIONS

13.     For the purpose of this removal application, Redbox does not concede to the merits of Plaintiffs' Complaint.

14.     Redbox reserves all defenses.

15.     Redbox reserves the right to amend or supplement this Notice of Removal if needed.

16.     As to this matter, no further proceedings have been had in the Superior Court of New Jersey, Law Division, Monmouth County.

WHEREFORE, Redbox gives notice that the above-detailed action filed in the Superior Court of New Jersey, Law Division, Monmouth County is properly removed to this Court.


Dated:  September 16, 2016

                                        **BUCHANAN INGERSOLL & ROONEY PC**
                                        *Attorneys for Defendant Redbox Automated Retail, LLC*


                                        *s/Christopher J. Dalton*
                                        Christopher J. Dalton

**<u>CERTIFICATE OF SERVICE</u>**

On this date, I caused copies of the foregoing Notice of Removal, with its annexed

Exhibit, to be served by UPS overnight delivery upon:

> Ari H. Marcus, Esq.
> MARCUS & ZELMAN, P.C.
> 1500 Allaire Avenue, Suite 101
> Ocean Township, New Jersey 07712
>
> *Attorneys for Plaintiff*

> *s/Christopher J. Dalton*
> Christopher J. Dalton

Dated: September 16, 2016