# **<u>EXHIBIT A</u>**

 **CT Corporation**

**Service of Process Transmittal**
08/18/2016
CT Log Number 529700857

**TO:**   Don Rench
Outerwall Inc.
1800 114th Ave SE
Bellevue, WA 98004-6946

**RE:**   **Process Served in Illinois**

**FOR:**   Redbox Automated Retail, LLC  (Domestic State: DE)

---

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | ALAN BRAHAMSHA, Individually and on behalf of all others similarly situated, Pltf. vs. REDBOX AUTOMATED RETAIL, LLC, etc., Dft. |
| **DOCUMENT(S) SERVED:** | Summons, Complaint, Certification(s), Statement(s), Attachment(s) |
| **COURT/AGENCY:** | SUPERIOR COURT OF NEW JERSEY, NJ Case # L268316 |
| **NATURE OF ACTION:** | Violations of New Jersey Consumer Fraud Act |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Chicago, IL |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 08/18/2016 at 15:15 |
| **JURISDICTION SERVED :** | Illinois |
| **APPEARANCE OR ANSWER DUE:** | Within 35 days of receipt, not counting the day of receipt |
| **ATTORNEY(S) / SENDER(S):** | Ari H. Marcus Marcus & Zelman, P.C. 1500 Allaire Avenue, Suite 101 Ocean Township, NJ 07712 732-695-3282 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 08/19/2016, Expected Purge Date: 08/24/2016 |
| | Image SOP |
| | Email Notification,  Frederick W Stein  fstein@outerwall.com |
| | Email Notification,  Tracey Brown  Tracey.brown@outerwall.com |
| | Email Notification,  Don Rench  don.rench@outerwall.com |
| | Email Notification,  Brenda Pagan  brenda.pagan@outerwall.com |
| **SIGNED:** | C T Corporation System |
| **ADDRESS:** | 208 South LaSalle Street Suite 814 Chicago, IL 60604 |
| **TELEPHONE:** | 312-345-4336 |

Page 1 of  1 / SK

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

## SUMMONS

Attorney(s)  Marcus & Zelman, P.C.

Office Address  1500 Allaire Ave., Suite 101

Town, State, Zip Code  Ocean, NJ 07712

Telephone Number  (732) 695-3282

Attorney(s) for Plaintiff  Alan Brahamsha

Allan Brahamsha, individually and on behalf of all others

similarly situated,

Plaintiff(s)

Vs.

Redbox Automated Retail, LLC, a Delaware limited liability

company,

Defendant(s)

## Superior Court of New Jersey

Monmouth        COUNTY

Law            DIVISION

Docket No:  L-2683-16

## CIVIL ACTION SUMMONS

From The State of New Jersey To The Defendant(s) Named Above:

The plaintiff, named above, has filed a lawsuit against you in the Superior Court of New Jersey. The complaint attached to this summons states the basis for this lawsuit. If you dispute this complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the county listed above within 35 days from the date you received this summons, not counting the date you received it. (A directory of the addresses of each deputy clerk of the Superior Court is available in the Civil Division Management Office in the county listed above and online at http://www.judiciary.state.nj.us/pro se/10153_deptyclerklawref.pdf.) If the complaint is one in foreclosure, then you must file your written answer or motion and proof of service with the Clerk of the Superior Court, Hughes Justice Complex, P.O. Box 971, Trenton, NJ 08625-0971. A filing fee payable to the Treasurer, State of New Jersey and a completed Case Information Statement (available from the deputy clerk of the Superior Court) must accompany your answer or motion when it is filed. You must also send a copy of your answer or motion to plaintiff's attorney whose name and address appear above, or to plaintiff, if no attorney is named above. A telephone call will not protect your rights; you must file and serve a written answer or motion (with fee of $175.00 and completed Case Information Statement) if you want the court to hear your defense.

If you do not file and serve a written answer or motion within 35 days, the court may enter a judgment against you for the relief plaintiff demands, plus interest and costs of suit. If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment.

If you cannot afford an attorney, you may call the Legal Services office in the county where you live or the Legal Services of New Jersey Statewide Hotline at 1-888-LSNJ-LAW (1-888-576-5529). If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services. A directory with contact information for local Legal Services Offices and Lawyer Referral Services is available in the Civil Division Management Office in the county listed above and online at http://www.judiciary.state.nj.us/prose/10153_deptyclerklawref.pdf.

/s/

Clerk of the Superior Court

DATED:  08/18/2016

Name of Defendant to Be Served:  Redbox Automated Retail, LLC

Address of Defendant to Be Served:  One Tower Lane, Suite 900, Oakbrook Terrace, Illinois 60181

Revised 11/17/2014, CN 10792-English (Appendix XII-A)

F I L E D

JUL 2 8 2016

MONMOUTH VICINAGE
CIVIL DIVISION        246

Ari H. Marcus (Attorney No. 029662010)
ari@marcuszelman.com
MARCUS & ZELMAN, P.C.
1500 Allaire Avenue, Suite 101
Ocean Township, New Jersey 07712
Tel: 732.695.3282
Fax: 732.298.6256

*Attorney for Plaintiff and the Putative Class*

[Additional Counsel on signature page.]

| | |
|---|---|
| ALAN BRAHAMSHA, individually and on behalf of all others similarly situated. <br><br> *Plaintiff,* <br><br> v. <br><br> REDBOX AUTOMATED RETAIL, LLC. a Delaware limited liability company, <br><br> *Defendant.* | SUPERIOR COURT OF NEW JERSEY <br> LAW DIVISION <br> MONMOUTH VICINAGE <br><br> DOCKET NO: L 2683-16 <br><br> **CLASS ACTION COMPLAINT** <br><br> **CIVIL ACTION** <br><br> **JURY TRIAL DEMANDED** |

## CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff Alan Brahamsha, individually and on behalf of all others similarly situated,

brings this Class Action Complaint and Demand for Jury Trial ("Complaint") against Defendant

Redbox Automated Retail, LLC. ("Redbox" or "Defendant") for its violations of the New Jersey

Truth-in-Consumer Contract, Warranty and Notice Act, N.J.S.A. §§ 56:12-14, *et seq.* Plaintiff,

for his Complaint, alleges as follows upon personal knowledge as to himself and his own acts

and experiences, and, as to all other matters, upon information and belief, including investigation

conducted by his attorneys.

### NATURE OF THE ACTION

1.     This case arises under the New Jersey Truth-in-Consumer Contract, Warranty and

Notice Act ("TCCWNA")—a strong consumer protection statute that broadly prohibits businesses from using deceptive and confusing provisions in consumer contracts. *See* N.J.S.A. §§ 56:12-15, 16.

2.      Defendant Redbox is a movie and video game rental company that markets and sells entertainment products to consumers at kiosks throughout in New Jersey. Everyone who rents or buys from Defendant's kiosks must agree to its Terms of Use, a consumer contract.

3.      Unfortunately, Redbox's Terms of Use do not comply with New Jersey law. Specifically, and in contravention of clearly established law, some of its provisions unreasonably deny redress for certain consumers, even for some knowing and intentional harms. Others provisions state that some terms may not apply to some consumers, without specifying which terms actually apply to whom.

4.      As a result, Redbox's Terms of Use leave consumers in the dark about their actual rights. But TCCWNA requires more. Specifically, TCCWNA forbids businesses from using contract provisions that violate the clearly established legal rights of consumers, and it requires businesses to clearly explain which provisions do or do not apply in which jurisdictions.

5.      As such, Plaintiff, on behalf of himself and a putative class of similarly situated New Jersey residents (the "Class," defined below), seeks an injunction directing Defendant to bring its Terms of Use into compliance with TCCWNA as well as an award of statutory damages, costs, and reasonable attorneys' fees.

## PARTIES

6.      Plaintiff Alan Brahamsha is a natural person and resident of Monmouth County, New Jersey.

7.      Defendant Redbox Automated Retail, LLC, is a limited liability company

organized and existing under the laws of the State of Delaware with its principal place of business located at One Tower Lane, Suite 900, Oakbrook Terrace, Illinois 60181. Redbox regularly does business in the State of New Jersey and throughout the United States.

## JURISDICTION AND VENUE

8.     This Court has jurisdiction over this action pursuant to N.J. Const. art. VI, § 3, ¶ 2 as this action involves a local controversy in the State of New Jersey. Specifically, Plaintiff is a citizen of the State of New Jersey and the unlawful conduct alleged herein occurred in State of New Jersey.

9.     Venue is proper in Monmouth County because Defendant does business in this County and because the unlawful conduct alleged herein occurred in this County and caused harm in this County. Additionally, Plaintiff is a resident of this County.

## THE TRUTH-IN-CONSUMER CONTRACT, WARRANTY, AND NOTICE ACT

10.    TCCWNA is a preventative statute. It was enacted to prevent boilerplate contract provisions from deceiving or confusing New Jersey consumers about their legal rights. "Far too many consumer contracts, warranties, notices and signs contain provisions which clearly violate the rights of consumers. Even though these provisions are legally invalid or unenforceable, their very inclusion in a contract, warranty, notice or sign deceives a consumer into thinking that they are enforceable and for this reason the consumer often fails to enforce his rights." Statement, Bill No. A1660, 1981 N.J. Laws, Chapter 454, Assembly No. 1660, page 2.

11.    For example, TCCWNA prohibits written consumer contracts from having provisions that:

- "[D]eceptively claim that a seller or lessor is not responsible for any damages caused to a consumer, even when such damages are the result of the seller's or lessor's negligence";

3

- "[P]rovide that the consumer assumes all risks and responsibilities, and even agrees to defend, indemnify and hold harmless the seller from all liability";

- "[A]rbitrarily assert the consumer cannot cancel the contract for any cause without punitive forfeiture of deposits and payment of unfounded damages"; and

- Deny "the consumer's rights to due process . . . by deceptive provisions by which he allegedly waives his right to receive legal notices, waives process of law in the repossession of merchandise and waives his rights to retain certain property exempted by State or Federal law."

*Id.* at 2-3.

12.    TCCWNA prevents these and similar provisions from appearing in consumer contracts primarily through three broad prohibitions.

13.    First, TCCWNA directs that "[n]o seller, lessor, creditor, lender or bailee shall in the course of his business offer to any consumer or prospective consumer or enter into any written consumer contract or give or display any written consumer warranty, notice or sign after the effective date of this act which includes any provision that violates any clearly established legal right of a consumer or responsibility of a seller, lessor, creditor, lender or bailee as established by State or Federal law at the time the offer is made or the consumer contract is signed or the warranty, notice or sign is given or displayed." N.J.S.A. § 56:12-15.

14.    Second, TCCWNA states that "[n]o consumer contract, warranty, notice or sign, as provided for in this act, shall contain any provision by which the consumer waives his rights under this act." N.J.S.A. § 56:12-16.

15.    Third, TCCWNA requires that "[n]o consumer contract, notice or sign shall state that any of its provisions is or may be void, unenforceable or inapplicable in some jurisdictions without specifying which provisions are or are not void, unenforceable or inapplicable within the State of New Jersey." *Id.*

16.    Finally, to ensure that its prohibitions are followed, TCCWNA provides that

4

"[a]ny person who violates the provisions of this act shall be liable to the aggrieved consumer for a civil penalty of not less than $100.00 or for actual damages, or both at the election of the consumer, together with reasonable attorney's fees and court costs." N.J.S.A. § 56:12-17.

## FACTUAL BACKGROUND

**A.    An Overview of Redbox.**

17.    Redbox offers DVD, Blu-ray, and video game rentals through thousands of automated retail kiosks located at convenience stores, fast food restaurants, grocery stores, mass retailers, and pharmacies in New Jersey and around the country.

18.    Consumers can use these Redbox kiosks to rent or purchase hard copies of movies and video games for their own personal, family, or household entertainment purpose. These transactions are at the core of Redbox's business model and drive nearly all of its revenues.

19.    In order to rent or purchase from a Redbox kiosk, prospective consumers must first agree to the Redbox Terms of Use, which are non-negotiable and are presented on a take-it-or-leave-it basis. Redbox imposes the same Terms of Use on all consumers, and prospective consumers cannot rent or purchase entertainment media from a Redbox kiosk unless and until they have clicked on a virtual button signifying their acceptance of its standard Terms of Use.

20.    Unfortunately, Defendant's rentals and sales are governed by Terms of Use that violate New Jersey law.

**B.    Redbox's Terms of Use Violate TCCWNA.**

   *i.    The Terms of Use Violate N.J.S.A § 56:12-15*

21.    Defendant's Terms of Use contain provisions that violate the clearly established legal rights of consumers like Plaintiff and the members of the Class.

22.    For instance, Defendant's Terms of Use would bar any redress even for certain intentional injuries, even though it has long been "a settled and invariable principle, that every

5

right, when withheld, must have a remedy, and every injury its proper redress," *Marbury v. Madison*, 5 U.S. 137, 147, 2 L. Ed. 60 (1803), and "[a]n agreement containing a pre-injury release from liability for intentional or reckless conduct also is plainly inconsistent with public policy," *Stelluti v. Casapenn Enterprises, LLC*, 203 N.J. 286, 303 (2010).

23.     Additionally, Defendant's Terms of Use contain provisions that, among other things, purport to:

- Absolve it of liability for its own "negligence," even when it causes injuries that are "foreseeable" and even when it has "been advised of or should have known" of the risks, in contravention of New Jersey law;

- Disclaim liability for punitive damages and limit all claims to a maximum of $10, despite the New Jersey Consumer Fraud Act's (the "CFA"), N.J.S.A. § 56:8-2 *et seq.*, mandatory imposition of trebled actual damages and attorneys' fees; and

- Disclaim liability for "any loss or damages of any kind," without limitations for intentional, reckless, or fraudulent conduct.

*See* Figure 1, below.

**LIMITATION OF LIABILITY; WAIVER**
UNDER NO CIRCUMSTANCES WILL THE REDBOX PARTIES BE LIABLE TO YOU FOR ANY LOSS OR DAMAGES OF ANY KIND (INCLUDING, WITHOUT LIMITATION, FOR ANY DIRECT, INDIRECT, ECONOMIC, EXEMPLARY, SPECIAL, PUNITIVE, INCIDENTAL OR CONSEQUENTIAL LOSSES OR DAMAGES THAT ARE DIRECTLY OR INDIRECTLY RELATED TO: (A) A REDBOX PLATFORM; (B) THE MATERIALS OR ITEMS, (C) USER CONTENT OR WIDGETS, (D) YOUR USE OF, INABILITY TO USE, OR THE PERFORMANCE OF A REDBOX PLATFORM, ITEM, PROMO CODE OR MATERIALS, (E) ANY ACTION TAKEN IN CONNECTION WITH AN INVESTIGATION BY THE REDBOX PARTIES OR LAW ENFORCEMENT AUTHORITIES REGARDING YOUR USE OF A REDBOX PLATFORM, MATERIALS, ITEM OR PROMO CODE (F) ANY ACTION TAKEN IN CONNECTION WITH COPYRIGHT OR OTHER RIGHTS OWNERS; (G) ANY ERRORS OR OMISSIONS IN A REDBOX PLATFORM'S TECHNICAL OPERATION; OR (H) ANY DAMAGE TO ANY COMPUTER, HARDWARE, VIDEO PLAYER, DVD PLAYER, GAME CONSOLE, BLU-RAY PLAYER, COMPUTER SOFTWARE, CELLULAR PHONE, MODEM OR OTHER EQUIPMENT OR TECHNOLOGY INCLUDING, WITHOUT LIMITATION, DAMAGE FROM ANY SECURITY BREACH OR FROM ANY VIRUS, BUGS, TAMPERING, FRAUD, ERROR, OMISSION, INTERRUPTION, DEFECT, DELAY IN OPERATION OR TRANSMISSION, COMPUTER LINE OR NETWORK FAILURE OR ANY OTHER TECHNICAL OR OTHER MALFUNCTION, INCLUDING WITHOUT LIMITATION, DAMAGES FOR LOST PROFITS, LOSS OF GOODWILL, LOSS OF DATA, WORK STOPPAGE, ACCURACY OF RESULTS OR COMPUTER FAILURE OR MALFUNCTION, EVEN IF FORESEEABLE OR EVEN IF THE REDBOX PARTIES HAVE BEEN ADVISED OF OR SHOULD HAVE KNOWN OF THE POSSIBILITY OF SUCH DAMAGES, WHETHER IN AN ACTION OF CONTRACT, NEGLIGENCE, STRICT LIABILITY OR TORT (INCLUDING, WITHOUT LIMITATION, WHETHER CAUSED IN WHOLE OR IN PART BY NEGLIGENCE, ACTS OF GOD, TELECOMMUNICATIONS FAILURE, OR THEFT OR DESTRUCTION OF A REDBOX PLATFORM). IN NO EVENT WILL THE REDBOX PARTIES BE LIABLE TO YOU OR ANYONE ELSE FOR LOSS, DAMAGE OR INJURY, INCLUDING, WITHOUT LIMITATION, DEATH OR PERSONAL INJURY. SOME STATES DO NOT ALLOW THE EXCLUSION OR LIMITATION OF INCIDENTAL OR CONSEQUENTIAL DAMAGES, SO THE ABOVE LIMITATION OR EXCLUSION MAY NOT APPLY TO YOU. IN NO EVENT WILL THE REDBOX PARTIES TOTAL LIABILITY TO YOU FOR ALL DAMAGES, LOSSES OR CAUSES OR ACTION EXCEED THE LESSER OF THE AMOUNT WE CHARGED YOU FOR THE TRANSACTION OR TEN UNITED STATES DOLLARS ($10.00). YOU AGREE THAT YOUR EXCLUSIVE REMEDY FOR A DEFECTIVE RENTAL OR PURCHASE OF AN ITEM IS A REPLACEMENT WITH A NON-DEFECTIVE COPY (OR ACCESS TO A NON-DEFECTIVE STREAM) OF THE SAME ITEM if available and a refund of your rental or purchase price if a non-defective replacement is not available, as determined by Redbox in its sole discretion. IF YOU BELIEVE YOU AN ITEM IS DEFECTIVE, YOU MUST CONTACT REDBOX CUSTOMER SERVICE, OTHERWISE REDBOX WILL ASSUME THAT THE DEFECT OCCURRED DURING YOUR RENTAL PERIOD OR AFTER YOUR PURCHASE (AS APPLICABLE)

**Figure 1.**

24. Defendant's Terms of Use contain provisions that state in a general, non-particularized fashion that they are void, inapplicable or unenforceable in some jurisdictions, without specifying which provisions are void, inapplicable or unenforceable in New Jersey.

25. Moreover, as detailed further below, Redbox abdicates its clearly established legal responsibility to clarify which of its limitations do or do not specifically apply within the state of New Jersey.

26. For these reasons, Redbox's Terms of Use violate TCCWNA, which prohibits sellers from including provisions in written consumer contracts that violate the clearly established legal rights of consumers or the responsibilities of the sellers themselves.

ii.   *The Terms of Use Violate N.J.S.A § 56:12-16*

27. Defendant's Terms of Use contain provisions that state in a general, non-particularized fashion that they are void, inapplicable or unenforceable in some jurisdictions, without specifying which provisions are void, inapplicable or unenforceable in New Jersey.

28. Specifically, Defendant's Terms of Use declare that "[s]ome states do not allow the exclusion or limitation of incidental or consequential damages, so the above limitation or exclusion may not apply to you." *See* Figure 1, *supra*.

29. Confusingly, while stating that some exclusions and limitations may be inapplicable in some jurisdictions, Redbox does not specify which of these provisions are or are not applicable within any particular jurisdictions, including the State of New Jersey.

30. Accordingly, Defendant leaves New Jersey residents without meaningful guidance as to their specific rights under its Terms of Use agreement and applicable law.

31. Because Defendant's Terms of Use fail to state which provisions are applicable in the state of New Jersey, they violate TCCWNA, which prohibits sellers from stating that some

provisions in a written consumer contract may be inapplicable in some jurisdictions without specifying which provisions are or are not applicable within the State of New Jersey.

## FACTS RELATING TO PLAINTIFF BRAHAMSHA

32.     Plaintiff Brahamsha has been a New Jersey resident for his entire life.

33.     While in the State of New Jersey, Plaintiff Brahamsha has visited Redbox kiosks to rent movies and video games for his personal entertainment purposes. He has a Redbox account and has rented movies and video games from Redbox kiosks several times during 2016.

34.     When renting movies and video games from Redbox, Plaintiff has been presented with Defendant's Terms of Use. He was unable to proceed to create an account or to otherwise rent movies or video games until he clicked on a button or checkbox signifying his agreement to these Terms of Use.

35.     As was required, Plaintiff clicked the button or checkbox that signified his assent to Defendant's Terms of Use, created (or logged into) a Redbox account, and proceeded to rent movies and video games.

36.     Plaintiff paid Defendant money to rent movies and video games from its kiosks, and all of these purchases were subject to Defendant's Terms of Use.

37.     At the time that Plaintiff agreed to Defendant's Terms of Use, and at the time that he made his purchases from Defendant, the Terms of Use contained the unlawful provisions complained of throughout this Complaint.

## CLASS ALLEGATIONS

38.     **Class Definition**: Plaintiff Brahamsha brings this action pursuant to Rule 4:32 of the New Jersey Court Rules on behalf of himself and a Class of similarly situated individuals.

8

defined as follows:

All New Jersey residents who have rented or purchased from a Redbox kiosk.

The following people are excluded from the Class: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendant, Defendant's subsidiaries, parents, successors, predecessors, and any entity in which the Defendant or its parents have a controlling interest and its current or former employees, officers and directors; (3) persons who properly execute and file a timely request for exclusion from the Class; (4) persons whose claims in this matter have been finally adjudicated on the merits or otherwise released; (5) Plaintiff's counsel and Defendant's counsel; and (6) the legal representatives, successors, and assigns of any such excluded persons.

39.    **Numerosity**: The exact number of Class members is unknown to Plaintiff at this time, but on information and belief, there are thousands of people in the Class, making joinder of each individual member impracticable. Additionally, the Class is ascertainable because its members will be easily identified through Defendant's records.

40.    **Commonality and Predominance**: There are many questions of law and fact common to the claims of Plaintiff and the other members of the Class, and those questions predominate over any questions that may affect individual members of the Class. Common questions for the Class include, but are not limited to, the following:

a)    Whether Defendant's Terms of Use violates TCCWNA;

b)    Whether Defendant required Plaintiff and the members of the Class to agree to these Terms of Use before making purchases at Defendant's kiosks;

c)    Whether Defendant thereby entered into written consumer contracts with Plaintiff and the members of the Class in violation of TCCWNA; and

9

d)     Whether Plaintiff and the Class members are entitled to statutory damages, costs, and attorneys' fees as a result of Defendant's TCCWNA violations.

41.     **Typicality:** Plaintiff's claims are typical of the claims of the other members of the Class. Plaintiff and the Class were uniformly exposed to Defendant's wrongful conduct during its interactions with Plaintiff and the Class.

42.     **Adequate Representation:** Plaintiff will fairly and adequately represent and protect the interests of the Class and has retained counsel competent and experienced in complex litigation and class actions. Plaintiff has no interests antagonistic to those of the Class, and Defendant has no defenses unique to Plaintiff. Plaintiff and his counsel are committed to vigorously prosecuting this action on behalf of the members of the Class and have the financial resources to do so. Neither Plaintiff nor his counsel has any interest adverse to those of the other members of the Class.

43.     **Policies Generally Applicable to the Class:** This class action is appropriate for certification because Defendant has acted or refused to act on grounds generally applicable to the Class as a whole, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the Class members and making final injunctive relief appropriate with respect to the Class as a whole. Defendant's practices challenged herein apply to and affect the Class members uniformly, and Plaintiff's challenge of those practices hinges on Defendant's conduct with respect to the Class as a whole, not on facts or law applicable only to Plaintiff.

44.     **Superiority:** This case is also appropriate for certification because class proceedings are superior to all other available methods for the fair and efficient adjudication of this controversy. The injuries suffered by the individual members of the Class are likely to have been relatively small compared to the burden and expense of individual prosecution of the

10

litigation necessitated by Defendant's actions. Absent a class action, it would be difficult, if not impossible, for the individual members of the Class to obtain effective relief from Defendant. Even if members of the Class themselves could sustain such individual litigation, it would not be preferable to a class action because individual litigation would increase the delay and expense to all parties and the Court and require duplicative consideration of the legal and factual issues presented herein. By contrast, a class action presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single Court. Economies of time, effort, and expense will be fostered, and uniformity of decisions will be ensured.

### FIRST CAUSE OF ACTION
#### Violations of N.J.S.A. §§ 56:12-14, *et seq.*
#### (On Behalf of Plaintiff and the Class)

45.    Plaintiff incorporates the foregoing allegations as if fully set forth herein.

46.    Plaintiff and the members of the Class have bought goods and/or services from Defendant for their own personal, family, or household purposes, and are "consumers" under TCCWNA. N.J.S.A. § 56:12-15.

47.    Defendant, in the ordinary course of its business, has sold goods and/or services to Plaintiff and the members of the Class for their own personal, family, or household purposes, and is a "seller" under TCCWNA. N.J.S.A. § 56:12-15.

48.    Defendant's Terms of Use are written agreements under which Plaintiff and the members of the Class have purchased Defendant's goods and/or services, and are "written consumer contracts" under TCCWNA.

49.    Defendant requires all purchasers of its goods or services to affirmatively agree to its Terms of Use, and has thereby entered into written consumer contracts with Plaintiff and the

11

members of the Class.

50.   As detailed above, Defendant's Terms of Use include provisions that violate the clearly established legal rights Plaintiff and the members of the Class, including the right to seek redress for intentional harms. Defendant's Terms of Use also abdicate its own clearly established legal responsibilities as a seller, including its responsibility to specify how its disclaimers, which it claims are inapplicable in some jurisdictions, specifically apply in the State of New Jersey.

51.   Accordingly, Defendant has violated TCCWNA, which states that:

"No seller, lessor, creditor, lender or bailee shall in the course of his business offer to any consumer or prospective consumer or enter into any written consumer contract or give or display any written consumer warranty, notice or sign after the effective date of this act which includes any provision that violates any clearly established legal right of a consumer or responsibility of a seller, lessor, creditor, lender or bailee as established by State or Federal law at the time the offer is made or the consumer contract is signed or the warranty, notice or sign is given or displayed."

N.J.S.A. § 56:12-15.

52.   Additionally, as detailed above, Defendant's Terms of Use include provisions stating that some other provisions are inapplicable or void in some jurisdictions without stating which provisions are inapplicable or void in the State of New Jersey.

53.   Accordingly, Defendant has violated TCCWNA states that:

"No consumer contract, notice or sign shall state that any of its provisions is or may be void, unenforceable or inapplicable in some jurisdictions without specifying which provisions are or are not void, unenforceable or inapplicable within the State of New Jersey."

N.J.S.A. § 56:12-16.

54.   By violating TCCWNA, Defendant has caused Plaintiff and the members of the Class to be subject to written consumer contracts with provisions that are unlawful under New Jersey law.

55.   Accordingly, Plaintiff and the Class members are each entitled to $100 in

statutory damages, actual damages, court costs, and reasonable attorneys' fee pursuant to

N.J.S.A. § 56:12-17.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Brahamsha, individually and on behalf of the Class, prays that

this Court provide the following relief:

A.    Certify this case as a class action on behalf of the Class as defined above, appoint

Plaintiff Alan Brahamsha as the representative of the Class, and appoint his counsel as Class

counsel;

B.    Declare that Defendant's conduct, as described herein, constitutes a violation of

New Jersey's Truth-In-Consumer Contract Warranty and Notice Act, N.J.S.A. §§ 56:12-14 *et*

*seq.*:

C.    Declare the above-referenced provisions of Defendant's Terms of Use User void;

D.    Award actual and statutory damages;

E.    Award costs and reasonable attorneys' fees;

F.    Award Plaintiff and the Class pre- and post-judgment interest, to the extent

allowable; and

G.    Award such other and further relief as equity and justice may require.

## DESIGNATION OF TRIAL COUNSEL PURSUANT TO LOCAL RULE 4:24-4

Ari H. Marcus is hereby designated as trial counsel on behalf of Plaintiff and the proposed

Class in this matter.

## JURY DEMAND

Plaintiff requests a trial by jury for all claims that can be so tried.

13

Respectfully submitted,

**MARCUS & ZELMAN, P.C**

Dated: July 26, 16

By: _____

Ari H. Marcus, attorney for Plaintiff.
Ari H. Marcus (Attorney No. 029662010)
ari@marcuszelman.com
MARCUS & ZELMAN, P.C.
1500 Allaire Avenue, Suite 101
Ocean Township, New Jersey 07712
Tel: 732.695.3282
Fax: 732.298.6256

Benjamin H. Richman*
brichman@edelson.com
Courtney C. Booth*
cbooth@edelson.com
Elizabeth A. Winkowski*
ewinkowski@edelson.com
EDELSON PC
350 North LaSalle Street, 13th Floor
Chicago, Illinois 60654
Tel: 312.589.6370
Fax: 312.589.6378

*Admission *pro hac vice* to be sought.

## CERTIFICATION OF REDACTION OF PERSONAL IDENTIFIERS
## PURSUANT TO LOCAL RULE 1:38-7(c)

I, Ari H. Marcus, certify that confidential personal identifiers have been redacted from documents now submitted to the Court, and will be redacted from all documents submitted in the future in accordance with Rule 1:38-7(b) and Rule 1:39-7(c).

Ari H. Marcus

## LOCAL RULE 4:5-1 CERTIFICATION

Pursuant to Local Rule 4:5-1, I, Ari H. Marcus, certify to the best of my personal knowledge and advised by plaintiff that the matter in controversy is not the subject of any other action pending in any other Court and that no other than action or arbitration proceeding is contemplated, and that Plaintiff is unaware of any other parties who should be joined into this action or who are otherwise subject to joinder.

Ari H. Marcus

**Appendix XII-B1**

## CIVIL CASE INFORMATION STATEMENT
### (CIS)

Use for initial Law Division
Civil Part pleadings (not motions) under *Rule* 4:5-1
**Pleading will be rejected for filing, under *Rule* 1:5-6(c),**
**if information above the black bar is not completed**
**or attorney's signature is not affixed**

| FOR USE BY CLERK'S OFFICE ONLY | |
|---|---|
| PAYMENT TYPE: ☐ CK ☐ CG ☐ CA | |
| CHG/CK NO. | |
| AMOUNT: | |
| OVERPAYMENT: | |
| BATCH NUMBER | |

| 1. ATTORNEY / PRO SE NAME | 2. TELEPHONE NUMBER | 3. COUNTY OF VENUE |
|---|---|---|
| Ari H. Marcus, Esq | (732) 695-3282 | Monmouth |

| 4. FIRM NAME (if applicable) | 5. DOCKET NUMBER (when available) |
|---|---|
| Marcus & Zelman, LLC | |

| 6. OFFICE ADDRESS | 7. DOCUMENT TYPE |
|---|---|
| 1500 Allaire Avenue, Suite 101, Ocean, NJ 07712 | Complaint |
| | 8. JURY DEMAND ■ YES ☐ NO |

| 9. NAME OF PARTY (e.g., John Doe, Plaintiff) | 10. CAPTION |
|---|---|
| Alan Brahamsha, Plaintiff | Alan Brahamsha, Individually and on behalf of all others similarly situated v. Redbox Automated Retail, LLC, a Delaware limited liability company |

| 11. CASE TYPE NUMBER (See reverse side for listing) | 12. HURRICANE SANDY RELATED? | 13. IS THIS A PROFESSIONAL MALPRACTICE CASE? ☐ YES ■ NO |
|---|---|---|
| 508 | ☐ YES ■ NO | IF YOU HAVE CHECKED "YES," SEE N.J.S.A. 2A:53 A -27 AND APPLICABLE CASE LAW REGARDING YOUR OBLIGATION TO FILE AN AFFIDAVIT OF MERIT. |

| 14. RELATED CASES PENDING? | 15. IF YES, LIST DOCKET NUMBERS |
|---|---|
| ☐ YES ■ No | |

| 16. DO YOU ANTICIPATE ADDING ANY PARTIES (arising out of same transaction or occurrence)? | 17. NAME OF DEFENDANT'S PRIMARY INSURANCE COMPANY (if known) |
|---|---|
| ☐ YES ■ No | ☐ NONE ■ UNKNOWN |

**THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE.**

CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

| 18. DO PARTIES HAVE A CURRENT, PAST OR RECURRENT RELATIONSHIP? | IF YES, IS THAT RELATIONSHIP: |
|---|---|
| ☐ YES ■ No | ☐ EMPLOYER/EMPLOYEE ☐ FRIEND/NEIGHBOR ■ OTHER (explain) ☐ FAMILIAL ☐ BUSINESS Consumer relationship w/defendant |

19. DOES THE STATUTE GOVERNING THIS CASE PROVIDE FOR PAYMENT OF FEES BY THE LOSING PARTY? ■ YES ☐ NO

20. USE THIS SPACE TO ALERT THE COURT TO ANY SPECIAL CASE CHARACTERISTICS THAT MAY WARRANT INDIVIDUAL MANAGEMENT OR ACCELERATED DISPOSITION

| 21. DO YOU OR YOUR CLIENT NEED ANY DISABILITY ACCOMMODATIONS? | IF YES, PLEASE IDENTIFY THE REQUESTED ACCOMMODATION |
|---|---|
| ☐ YES ■ No | |
| 22. WILL AN INTERPRETER BE NEEDED? | IF YES, FOR WHAT LANGUAGE? |
| ☐ YES ■ No | |

23. I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b).

24. ATTORNEY SIGNATURE

Effective 12/07/2015, CN 10517_ps

Page 4 of 5

**Side 2**



# CIVIL CASE INFORMATION STATEMENT
## (CIS)
Use for initial pleadings (not motions) under *Rule* 4:5-1

**CASE TYPES** (Choose one and enter number of case type in appropriate space on the reverse side.)

**Track I - 150 days' discovery**
151   NAME CHANGE
175   FORFEITURE
302   TENANCY
399   REAL PROPERTY (other than Tenancy, Contract, Condemnation, Complex Commercial or Construction)
502   BOOK ACCOUNT (debt collection matters only)
505   OTHER INSURANCE CLAIM (including declaratory judgment actions)
506   PIP COVERAGE
510   UM or UIM CLAIM (coverage issues only)
511   ACTION ON NEGOTIABLE INSTRUMENT
512   LEMON LAW
801   SUMMARY ACTION
802   OPEN PUBLIC RECORDS ACT (summary action)
999   OTHER (briefly describe nature of action)

**Track II - 300 days' discovery**
305   CONSTRUCTION
509   EMPLOYMENT (other than CEPA or LAD)
599   CONTRACT/COMMERCIAL TRANSACTION
603N  AUTO NEGLIGENCE – PERSONAL INJURY (non-verbal threshold)
603Y  AUTO NEGLIGENCE – PERSONAL INJURY (verbal threshold)
605   PERSONAL INJURY
610   AUTO NEGLIGENCE – PROPERTY DAMAGE
621   UM or UIM CLAIM (includes bodily injury)
699   TORT – OTHER

**Track III - 450 days' discovery**
005   CIVIL RIGHTS
301   CONDEMNATION
602   ASSAULT AND BATTERY
604   MEDICAL MALPRACTICE
606   PRODUCT LIABILITY
607   PROFESSIONAL MALPRACTICE
608   TOXIC TORT
609   DEFAMATION
616   WHISTLEBLOWER / CONSCIENTIOUS EMPLOYEE PROTECTION ACT (CEPA) CASES
617   INVERSE CONDEMNATION
618   LAW AGAINST DISCRIMINATION (LAD) CASES

**Track IV - Active Case Management by Individual Judge / 450 days' discovery**
156   ENVIRONMENTAL/ENVIRONMENTAL COVERAGE LITIGATION
303   MT. LAUREL
508   COMPLEX COMMERCIAL
513   COMPLEX CONSTRUCTION
514   INSURANCE FRAUD
620   FALSE CLAIMS ACT
701   ACTIONS IN LIEU OF PREROGATIVE WRITS

**Multicounty Litigation (Track IV)**

| | | | |
|---|---|---|---|
| 271 | ACCUTANE/ISOTRETINOIN | 290 | POMPTON LAKES ENVIRONMENTAL LITIGATION |
| 274 | RISPERDAL/SEROQUEL/ZYPREXA | 291 | PELVIC MESH/GYNECARE |
| 278 | ZOMETA/AREDIA | 292 | PELVIC MESH/BARD |
| 279 | GADOLINIUM | 293 | DEPUY ASR HIP IMPLANT LITIGATION |
| 281 | BRISTOL-MYERS SQUIBB ENVIRONMENTAL | 295 | ALLODERM REGENERATIVE TISSUE MATRIX |
| 282 | FOSAMAX | 296 | STRYKER REJUVENATE/ABG II MODULAR HIP STEM COMPONENTS |
| 285 | STRYKER TRIDENT HIP IMPLANTS | 297 | MIRENA CONTRACEPTIVE DEVICE |
| 286 | LEVAQUIN | 299 | OLMESARTAN MEDOXOMIL MEDICATIONS/BENICAR |
| 287 | YAZ/YASMIN/OCELLA | 300 | TALC-BASED BODY POWDERS |
| 288 | PRUDENTIAL TORT LITIGATION | 601 | ASBESTOS |
| 289 | REGLAN | 623 | PROPECIA |

If you believe this case requires a track other than that provided above, please indicate the reason on Side 1,
in the space under "Case Characteristics."

**Please check off each applicable category**   ■ Putative Class Action   ☐ Title 59

MONMOUTH COUNTY
SUPERIOR COURT
PO BOX 1269
FREEHOLD          NJ  07728

COURT TELEPHONE NO. (732) 677 4240
COURT HOURS  8:30 AM - 4:30 PM

TRACK ASSIGNMENT NOTICE

DATE:    AUGUST 03, 2016
RE:      BRAHAMSHA VS REDBOX AUTOMATED RETAIL LLC
DOCKET:  MON L -002683 16

THE ABOVE CASE HAS BEEN ASSIGNED TO: TRACK 4.

DISCOVERY IS PRESUMPTIVELY 450 DAYS BUT MAY BE ENLARGED OR SHORTENED BY THE
JUDGE AND RUNS FROM THE FIRST ANSWER OR 90 DAYS FROM SERVICE ON THE FIRST
DEFENDANT, WHICHEVER COMES FIRST.

THE MANAGING JUDGE ASSIGNED IS: HON KATIE A. GUMMER

                                                           001
          IF YOU HAVE ANY QUESTIONS, CONTACT TEAM
AT: (732) 677-4246 EXT 4246.

          IF YOU BELIEVE THAT THE TRACK IS INAPPROPRIATE YOU MUST FILE A
CERTIFICATION OF GOOD CAUSE WITHIN 30 DAYS OF THE FILING OF YOUR PLEADING.
PLAINTIFF MUST SERVE COPIES OF THIS FORM ON ALL OTHER PARTIES IN ACCORDANCE
WITH R.4:5A-2.

          ATTENTION:
                          ATT: ARI H. MARCUS
                          MARCUS & ZELMAN LLC
                          1500 ALLAIRE AVENUE
                          SUITE 101
                          OCEAN          NJ 07712

JURBIG00